UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DAJUAN HALL, JR.,                    )
                                     )
        Movant,                      )
                                     )
v.                                   )          No. 4:21 CV 817 CDP
                                     )
UNITED STATES OF AMERICA,            )
                                     )
        Respondent.                  )

**MEMORANDUM AND ORDER**

On August 26, 2020, Dajuan Hall, Jr., pleaded guilty to all counts of an

eight-count superseding indictment in Criminal Case No. 4:18 CR 837 CDP –

specifically, to three counts of possession with intent to distribute heroin,

marijuana, and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C);

two counts of possession with intent to distribute fentanyl and fentanyl analogue,

in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); one count of possession of

one or more firearms in furtherance of a drug trafficking crime, in violation of 18

U.S.C. §§ 924(c)(1) and 924(c)(1)(A); and one count of felon in possession of a

firearm, in violation of 18 U.S.C. § 922(g)(1).  I sentenced Hall in November 2020

to an aggregate term of 132 months' imprisonment.[1]  He did not appeal.  Hall now

moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  For the

---

[1] I sentenced Hall to a 60-month term of imprisonment on the § 924(c)(1) conviction (possessing
a firearm in furtherance of a drug trafficking crime) and ordered it to be served consecutively to
seven concurrent 72-month sentences imposed on all other counts of the superseding indictment.

reasons that follow, I will deny Hall's motion.

In his motion, Hall challenges his conviction under two counts of the superseding indictment: Count 5 (possession of a firearm in furtherance of a drug trafficking crime, § 924(c)(1)) and Count 6 (felon in possession of a firearm, § 922(g)). He raises three claims for relief:

1) That the United States Supreme Court's decision in *United States v. Rehaif*, 588 U.S. 225 (2019), renders his § 922(g) conviction under Count 6 unconstitutional because that count did not include a specific charge under § 924(a)(2) that he knew he was a felon;

2) That counsel was ineffective for failing to challenge the sufficiency of Count 6 in that it did not charge him under § 924(a)(2) as is required for a § 922(g) conviction; and

3) That, without the Count 6 "possession of a firearm" conviction under § 922(g), he could not have possessed a firearm in furtherance of a drug trafficking crime, and thus his § 924(c)(1) conviction under Count 5 cannot stand.

In response, the government points out that Count 6 of the superseding indictment specifically charged – and Hall admitted at his plea – that at the time he possessed the firearm, he knew he had a prior felony conviction. The government also argues that Hall defaulted any challenge to his conviction by failing to raise the claims on direct appeal and, moreover, that he waived any challenge to his conviction by pleading guilty to the superseding indictment. Finally, the government contends that Hall's claim of ineffective assistance of counsel is without merit and must be denied.

## Procedural Default

Claims brought under § 2255 may be limited by procedural default.  A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994).  Moreover, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised in a § 2255 motion unless the movant can establish "(1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

As a general rule, claims that were not raised at trial or on direct appeal "may not be raised on collateral review." *Massaro v. United States*, 538 U.S. 500, 504 (2003).  Here, Hall did not raise his insufficiency-of-the-indictment claims in his criminal case and did not file an appeal.  As a result, his *Rehaif* claim as to Count 6 and related challenge to Count 5 are subject to procedural default.  Other than arguing the merits of his claims, Hall alleges no cause or prejudice to excuse his procedural default; nor does he demonstrate actual innocence.

A claim of actual innocence would nevertheless fail, as any argument that the superseding indictment's failure to cite § 924(a)(2) rendered him without knowledge of his status as a convicted felon would be implausible – especially given his admission in the plea agreement that he knew he was a convicted felon;

and given that before his offenses here, he served more than one year in prison on each of five separate counts of conviction.  As the Eighth Circuit has observed, the "lack of a plausible ignorance defense means that any § 922(g) defendant who served more than a year in prison on a single count of conviction will face an uphill battle to show that a *Rehaif* error in a guilty plea affected his substantial rights." *United States v. Caudle*, 986 F.3d 916, 922 (8th Cir. 2020); *United States v. Hollingshed*, 940 F.3d 410, 415-16 (8th Cir. 2019).  *See also Greer v. United States*, 593 U.S. 503, 510 (2021) ("Convicted felons typically know they're convicted felons.")  (quotation marks and citation omitted).

Accordingly, Hall cannot establish either cause or prejudice to excuse his procedural default, nor can he demonstrate actual innocence.  As a result, Hall's claims challenging his conviction under Counts 5 and 6 of the superseding indictment are procedurally defaulted and must be denied.

### Waiver

In the plea agreement, Hall explicitly waived the right to file post-conviction motions on any ground other than prosecutorial misconduct or ineffective assistance of counsel.  (*See* Case No. 4:18 CR 837 CDP, ECF 110, Plea Agrmt. at p. 14.)  Hall's challenges to his § 922(g) and § 924(c)(1) convictions do not fall within either of the exceptions of his waiver.  And Hall does not claim, nor does the record demonstrate, that his waiver and plea agreement were not entered into

knowingly and voluntarily.  Accordingly, I may consider those post-conviction

claims only if enforcing the waiver would result in a miscarriage of justice.  *See*

*Johnson v. United States*, No. 4:10-CV-01531-CDP, 2011 WL 1559764, at *6

(E.D. Mo. Apr. 25, 2011) (citing *United States v. Andis*, 333 F.3d 886, 889-90 (8th

Cir. 2003)).  Because Hall's constitutional challenges to Counts 5 and 6 are

without merit on their face (see discussion below), no miscarriage of justice will

result if I were to enforce the waiver and summarily dismiss those challenges as

waived.

## Merits

Even in the absence of procedural default and waiver, all of Hall's claims

fail on their merits.

For prosecutions under § 922(g), the government must "prove both that the

defendant knew he possessed a firearm and that he knew he belonged to the

relevant category of persons barred from possessing a firearm."  *Rehaif*, 588 U.S.

at 237.  An indictment is sufficient if it contains the elements of the offense

charged and sufficiently apprises the defendant of the charge against which he

must defend.  *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v.*

*Prelogar*, 996 F.3d 526, 531 (8th Cir. 2021).  An indictment that tracks the

statutory language of the offense charged is sufficient.  *United States v. Sewell*, 513

F.3d 820, 821 (8th Cir. 2008).

Persons barred from possessing a firearm under § 922(g)(1), as Hall was charged here, are those "who [have] been convicted in any court of a crime punishable by imprisonment for a term exceeding one year."  At the time of Hall's offense in 2018, § 924(a)(2) provided that "[w]hoever knowingly violates subjection . . . (g) . . . of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both."  Here, Count 6 of the superseding indictment tracked the language of §§ 922(g)(1) and 924(a)(2) and informed Hall of all the elements of the offense charged, per *Rehaif*:

> Dajuan Hall, Jr., the Defendant herein, knowingly possessed one or more firearms, *knowing he had previously been convicted in a court of law of one or more felony crimes punishable by a term of imprisonment exceeding one year*, and the firearms previously traveled in interstate or foreign commerce during or prior to being in defendant's possession.

(Case No. 4:18 CR 837 CDP, ECF 68, Redacted Supers. Indict. at p. 3.) (Emphasis added.)  In the plea agreement, Hall agreed that "[a]t the time [he] knowingly possessed one or more firearms, *he knew that he was a convicted felon*."  (*Id.*, ECF 110, Plea Agrmt. at p. 6).  Because Count 6 contained all of the essential elements of the offense as set out in the relevant statutes, clearly apprised Hall of the facts constituting the offense – including that he knew he was a convicted felon, and fairly informed him of the charge against which he must defend, the failure to cite § 924(a)(2) did not prejudice Hall and did not render Count 6 insufficient.  *See Russell v. United States*, 369 U.S. 749, 762-64 (1962)

("Convictions are no longer reversed because of minor and technical deficiencies which did not prejudice the accused."); *see also* Fed. R. Crim. P. 7(c)(2) ("Unless the defendant was misled and thereby prejudiced, neither an error in a citation *nor a citation's omission* is a ground to dismiss the indictment . . . or to reverse a conviction.") (emphasis added).

Hall's challenge to the sufficiency of Count 6 is without merit and is denied. Because Hall's challenge to the sufficiency of Count 6 is without merit, counsel cannot be ineffective for failing to raise that meritless challenge to the Court. *Rodriquez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (per curiam). Finally, because Hall's challenge to Count 5 of the superseding indictment is contingent upon my finding that the offense alleged in Count 6 was insufficiently charged, that challenge likewise fails.

### No Evidentiary Hearing is Required/ No Certificate of Appealability will Issue

Because the record before me conclusively demonstrates that Hall has no right to relief, I will not hold an evidentiary hearing in this matter. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008).

Finally, Hall has not made a substantial showing that he was denied a federal constitutional right. I will therefore not issue a certificate of appealability in this action. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable

among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that movant Dajuan Hall, Jr.'s motion(s) to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [1] [3] are denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Hall has not made a substantial showing of the denial of a federal constitutional right.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 10th day of June, 2024.